## L. B. McGILL v. CHAS. GORMAN et al.

**Trade-Mark — Infringement.**

> A man is entitled to be protected in the exclusive use of a trade-mark, because he is justly entitled to all profits by reason of his skill as a manufacturer, and because the use of it by another is a fraud on him.

**Same.**

> A trade-mark, to be such in a legal sense, must have the name of the manufacturer attached, so as to give correct information in relation thereto.

> It is not alleged in the petition that appellees have upon any of their labels or wrappings placed the name of appellant, or that the articles they sold were manufactured by appellants.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 28, 1866.

OPINION BY JUDGE BULLITT:

Appellant, who is engaged in manufacturing cigars, and in vending cigars and tobacco in the city of Louisville, seeks to enjoin perpetually the appellees, some of whom are engaged in the same business, from the use of certain pictures and lithographic

impressions of photographic likenesses on their packages and boxes of cigars and tobacco, which he alleges to be counterfeits of his trade-mark and infringements upon and an illegal interference with his rights, by means of which he has suffered great loss in his business.

He alleges that about the 1st of February, 1864, he commenced the manufacture of which he calls the *"Pet Cigar"* and the *"Charlotte Thompson Cigar,"* which were very popular, commanded ready sales, and produced great gains; the original picture or pictures from which the brands were taken which were placed upon his packages and boxes of cigars he professes to file as exhibits.

He alleges that in February, 1864, he contracted with the appellees, Charles Gorman and Philip S. Gorman, who were engaged in the business of lithographing and printing in Louisville, to strike off for him a large number of copies of the photographs of Charlotte Thompson, who is an actress of great popularity, to be placed on boxes of cigars as labels or brands of the *"Pet"* and *"Charlotte Thompson Cigar,"* which copies were to be completed by the middle of the following April, and that it was expressly stipulated and agreed that if the copies to be made were not correct likenesses of the photograph furnished them, appellant had the right to reject them and pay nothing therefor, and said Gormans were not to use said rejected copies themselves nor sell or dispose of them in any way to be used by others. That they struck off copies of said photograph which *"were failures,"* and he rejected them, a sample of which he filed as exhibits; that after he rejected said copies said appellees

> *"in violation* of their solemn word given to the plaintiff, fraudulently applied to and obtained from the District Court of the United States, sitting in Kentucky, a copyright of the likeness of the "Pet" and "Charlotte Thompson" brand aforesaid, with an exception or so, to-wit: Instead of the *Pet* the copy issued by the defendants is called *The Pet,* and instead of the words Grantados for L. B. McGill, *Grankrew,* Louisville, Ky., it reads Grentados, per G. & Bro., Callaobra Pia, No. 114, Habanna, entered according to Act of Congress, A. D., by Gorman & Bro., in the clerk's office of the District Court of Kentucky,"

which he alleges said appellees are using greatly to his injury.

23

Appellant further alleges that he has a trade-mark on what he calls a honey brand, called Charlotte Thompson, and is used by him on boxes of cigars, which he sells, and is known and recognized as his trade-mark, but which appellees have counterfeited by using a burning brand which reads thus:

> " Charlotte Thompson's Favorite Habana," which corresponds with plaintiff's brand, with the exception of *Favorite,* which is not connected in plaintiff's brand, but instead thereof are the initials of his name.

by which he is greatly injured. He further alleges that he:

> " has a brand or trade-mark, which he uses on boxes of cigars sold by him, and which brand was popular and valuable to plaintiff and is called the Charlotte Thompson, which the defendants have adopted and are using and disposing of the same to the great injury of the plaintiff. That the counterfeit of said trade-mark of the plaintiff so made by defendants differs from the original belonging to and used by plaintiff in this that the genuine trade-mark of plaintiff reads Charlotte Thompson *fabrica de tobaccos De la Valta a bass Supurnos Guvantados* for S. B. McGill, 307 Green street, Louisville, Ky., with the figure of Charlotte Thompson and her name underneath the pictures,"

and that the copyright was fraudulently procured and used to the great injury and prejudice of appellant; that said appellees are selling cigars manufactured by themselves in Louisville under the counterfeit brand or trade-mark of appellant; that said Jones is selling under the brand called Charlotte Thompson, and said Gormans under the brand of "La Favorite," both of which are counterfeits of his brands, and if they are permitted to do so the loss to him in his business will be irreparable.

The relief sought was refused in the court below, and to reverse that judgment this appeal is prosecuted.

As was said by a learned judge: A man is entitled to be protected in the exclusive use of a trade-mark, because it designates the goods which he manufactures and sells, and because he is justly entitled to all profits and advantages accruing by reason of his ingenuity and skill as a manufacturer or merchant, and because the use of such a trade-mark by another deprives him of these

profits and advantages, and is a fraud upon him and an imposition upon the public, being designed and intended to induce the public to purchase the goods as the goods originally made and owned by the party first adopting such trade-mark.

Upon this ground the courts enjoin, in favor of the party first appropriating the trade-mark, all persons using the same marks or colorable imitations calculated to deceive the public.

A trade-mark, to be such in a legal sense, must have the name of the manufacturer or merchant by whom the goods are manufactured and sold attached, so as to give correct information in relation thereto. With this requirement appellant has complied.

It appears by an inspection of the sheets exhibited that both parties have placed upon their brands or labels prominently the same likeness, intended doubtless for likenesses of Charlotte Thompson; but upon those of appellant the initials of his Christian and his surname in full are plainly printed in a conspicuous place, together with the street and number of his business house in the city, while upon those of appellees their names or the initials of them are printed equally conspicuous with altogether a different street and number of their house of business. Other points of difference might be referred to, some of which are particularly mentioned in the petition and already inserted in this opinion and will not be repeated. It is proper, however, to notice that throughout the extended petition of appellant it is not alleged that appellees have upon any of their labels or wrappings placed his name or that the articles they sold were manufactured by appellant.

It requires only a moderate degree of attention and care on the part of purchasers to detect the difference between the marks and brands of the parties to this controversy; the resemblance or identity between them is not such as to authorize the exercise of the power invoked of the chancellor.

Wherefore, the judgment is affirmed.